UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| C. TAYLOR CROCKETT,         )<br>                             )<br>   Plaintiff,                )<br>                             )<br>v.                           )   Case No.: 2:15-cv-01197-SGC<br>                             )<br>PROGRESSIVE SPECIALTY       )<br>INSURANCE COMPANY,           )<br>                             )<br>   Defendant.                ) | |

## MEMORANDUM OPINION AND ORDER

This lawsuit arises from a three-car motor vehicle accident. In the complaint, removed here from the Circuit Court of Jefferson County, Alabama, the plaintiff, C. Taylor Crockett, seeks underinsured motorist benefits against the defendant, Progressive Specialty Insurance Company. (Doc. 1 at 19-24). Presently pending is Progressive's amended motion for partial summary judgment concerning Crockett's claim for lost business profits. (Doc. 14). For the reasons explained below, the motion is due to be denied.

I.   RELEVANT FACTUAL BACKGROUND

The vehicle accident at issue here occurred on October 27, 2013. (Doc. 1 at 20). While stopped at a red light, Crockett was rear-ended; the collision caused Crockett to rear-end the vehicle in front of him. (*Id.* at 21). The accident injured Crockett's neck, and he underwent neck surgery two months later. (*Id.*). After

settling his claims against the tortfeasor, Crockett asserted the instant claims against Progressive, including his claim for lost profits. (*See* Doc. 14 at 2).

Crockett is a bankruptcy attorney who specializes in representing petitioners in Chapter 7 and Chapter 13 proceedings. (Doc. 14 at 4). Crockett has practiced law for twenty-three (23) years and, at the time of the accident, had run a solo bankruptcy practice for fourteen (14) years. (Doc. 21 at 5, 7). Crockett's base salary is $25,000 per month; he periodically distributes any additional profits to himself. (Doc. 14 at 4). While his base salary has remained constant for a number of years—both before and after the accident—Crockett contends his profits have suffered as a result of the accident. (*Id.*).

Crockett describes his law practice as a "volume practice" in which he meets and signs several new clients each week; the practice relies on new clients to generate fees to sustain payroll and overhead expenses. (Doc. 21 at 5-6). Based on his experience, Crockett testified that the individuals who make up his client base, after suffering financial hardships for an extended period of time, typically hire an attorney on the same day they decide to file for bankruptcy. (*Id.* at 7). Crockett further testified that, when a typical prospective client calls to schedule an appointment, the prospective client will often hire another attorney if Crockett is unable to meet with them within two days of the call. (*Id.*).

During Crockett's years of legal practice prior to the accident, he normally spent over eleven (11) hours per day at the office and rarely took an hour for lunch. (Doc. 21 at 6). Since the accident, Crockett has been unable to maintain this schedule due to pain from his neck injury and surgery. (*Id.*). Crockett testified he works fewer hours, is less productive, and has been unable to meet with the same number of potential clients. (*Id.*) While Crockett's problems maintaining his schedule persist to the present, his claim for lost profits focuses on 2014. Crockett generally alleges his reduced time at the office caused him to miss client meetings and prevented him from signing as many clients in 2014 as he would have otherwise signed. (*Id.* at 7). More specifically, Crockett testified that his injuries caused him to turn down two Chapter 11 cases; Crockett referred these cases to another attorney who was paid a total of $63,000 from these two cases alone. (*Id.*).

Crockett contends he lost clients in 2014 due to his neck injury, lowering his profits. To support this claim, Crockett testified that he knows how many bankruptcy petitions he has filed each year while working consistent hours over the course of his solo practice. (Doc. 21 at 8). Crockett also has produced a spreadsheet and analysis prepared by his accountant showing the practice's annual profits from 2011 through 2014, and concluding that 2014 profits were 11.761% lower than 2013 profits. (Doc. 21-3). Based on this data and analysis, Crockett contends he suffered $100,000 in lost profits in 2014. (*Id.* at 8).

## II.   STANDARD OF REVIEW

Rule 56(a) of the *Federal Rules of Civil Procedure* provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The party moving for summary judgment always bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, then the non-moving party must "go beyond the pleadings" and point to specific facts in the record to show there is a genuine issue for trial. *Id.* at 324 (citation omitted).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 249).  The court must "examine the evidence in the light most favorable to the non-moving party," drawing all inferences in favor of such party. *Earl Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000).  Any factual disputes will be resolved in the non-moving party's favor when sufficient competent evidence supports the party's version of the disputed facts. *See Pace v.*

*Capobianco*, 283 F.3d 1275, 1276-78 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence.). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citation omitted).

### III.   DISCUSSION

Under Alabama law, a plaintiff complaining of personal injury "may recover for the impairment of his earning capacity and for time lost from his business by reason of the wrong complained of." *Fitzpatrick v. Dean*, 177 So. 2d 909, 911 (1965). In order to recover these damages, the lost profits must:

> be the natural and proximate, or direct, result of the breach complained of and they must also be capable of ascertainment with reasonable, or sufficient, certainty, or there must be some basis on which a reasonable estimate of the amount of the profit can be made; absolute certainty is not called for or required.

*Super Valu Stores, Inc. v. Peterson,* 506 So. 2d 317, 327 (Ala. 1987) (emphasis removed) (quoting *Paris v. Buckner Feed Mill, Inc.,* 182 So. 2d 880, 881 (1966)).

Progressive has moved for summary judgment as to Crockett's claim for lost profits, contending: (1) he has failed to show the accident caused a loss in business profits; and (2) the lost profits claimed are impermissibly speculative. Each argument is addressed in turn.

### A. Causation of Lost Profits

As noted above, lost profits must "be the natural and proximate, or direct, result of the breach complained of." *Super Valu Stores, Inc.,* 506 So. 2d at 327. "The injured person is entitled to compensation for loss of earnings derived from personal effort, skill, or ability or for the destruction or impairment of his ability to perform labor or render service which is essentially and fundamentally personal in character." *Fitzpatrick,* 177 So. 2d at 911. "[T]he prevailing consideration is whether the profits are a product of personal effort of the plaintiff." *Id.* at 912. Additionally, "[t]he plaintiff must prove that the loss was directly attributable to or a necessary consequence of his injury." *Preston v. Ala. Power Co.,* 401 So. 2d 107, 109 (Ala. Civ. App. 1981).

The plaintiff in *Fitzpatrick,* an office machine salesman, suffered a neck injury in an automobile accident. After the accident, the plaintiff's sales decreased. In affirming the entry of judgment for the plaintiff following a jury trial, the Alabama Supreme Court held the trial court did not err by admitting evidence indicating the plaintiff's pre-accident rate of successful sales declined following the accident. *Fitzpatrick*, 177 So. 2d at 912. "[T]he diminution in plaintiff's earnings from his business was clearly shown to be a result of his inability to devote the time and effort to the job of selling office machines after the accident to the same degree that he did so prior to the accident. At the very least the evidence of the

loss of time from his job could be considered by the jury in assessing the damage." *Id.*

Here, in its reply in support of its motion, Progressive claims entitlement to summary judgment because Crockett has not demonstrated that his decline in profits is directly attributable to his injuries. Progressive's reply in this regard primarily relies on *Preston*, in which the Alabama Court of Civil Appeals affirmed the trial court's refusal to admit evidence offered by the plaintiff to show lost profits. (Doc. 23 at 5-8).

The plaintiff in *Preston*, the owner of a clothing store, claimed lost business profits due to back injuries she suffered in a vehicle accident. The plaintiff offered a profit and loss statement to prove her post-accident decline in profits. The trial court excluded this evidence, which included expenses for advertising, legal and professional services, and interest on business debt. In affirming the trial court's evidentiary ruling, the Court of Civil Appeals held that the evidence of the plaintiff's lost profits was impermissibly speculative because it included expenses—translating to lost profits—which did not appear to be affected by her injuries' impact on her ability to render personal effort, skill, or ability. *Preston*, 401 So. 2d 109. The Court of Civil Appeals' opinion differentiated the facts of *Preston* from those presented by the plaintiff in *Fitzpatrick*; the court explained that in *Fitzpatrick*, the plaintiff's injury prevented him from devoting time and

effort to his business, resulting in a post-accident decrease in sales and "a corresponding decrease in the profits of the business." *Id.*

The facts of this case are more synonymous with those presented in *Fitzpatrick*. Like the plaintiff in *Fitzpatrick*, Crockett has presented evidence that his neck injury prevented him from devoting as much time to his business as he did prior to the accident. Crockett, like the plaintiff in *Fitzpatrick*, also has presented evidence that his business was less profitable following the accident. Unlike the profit and loss statement in *Preston*, the spreadsheet showing Crockett's business profits does not demonstrate expenses unrelated to his ability to render personal effort, skill, or ability. Here, a reasonable jury could determine that Crockett's lost profits were caused by the accident, and the undersigned may not encroach on this question of fact. *See Dupree v. Green*, No. 13-1791-KOB, 2014 WL 4388398, at *7 (N.D. Ala. Sept. 3, 2014) (denying summary judgment on lost profits claim where question of fact remained regarding whether injuries caused by vehicle accident prevented plaintiff from completing and selling television show not yet under contract). Accordingly, Progressive is not entitled to summary judgment on the issue of causation.

### B. Reasonable Certainty of Lost Profits

Lost profits must be proven by "competent evidence." *Fitzpatrick*, 177 So. 2d at 912. "Even though damages for lost profits may not be calculated easily or

with mathematical certainty, the rule of 'reasonable certainty' maintains that damages for lost profits can still be recovered if the defendant's wrong proximately caused them." *Lee v. Houser*, 148 So. 3d 406, 422 (Ala. 2013) (quoting *Morgan v. South Cent. Bell Tel. Co.,* 466 So. 2d 107 (Ala. 1985)).  To prove lost profits, "there must be some basis on which a reasonable estimate of the amount of the profit can be made; absolute certainty is not called for or required." *Super Valu Stores, Inc.,* 506 So. 2d at 327.  The Alabama Supreme Court has held that past performance is one method of demonstrating lost profits.  *See Fitzpatrick,* 177 So. 2d at 912.  To show lost profits via past performance, "[t]he plaintiff and/or any other competent witness, may testify as to his earnings by personal effort, over a reasonable period of time to ascertain an average, to provide data upon which to award compensation for loss of time."  *Reddy v. Chappelle*, 678 So. 2d 195, 196 (Ala. Civ. App. 1996) (citing *Fitzpatrick*, 177 So. 2d at 909).

Here, Progressive contends the lost profits claimed by Crockett are impermissibly speculative.  In support, Progressive advances a number of arguments, including that: (1) Crockett's base salary of $25,000 held steady; and (2) Crockett's profits fluctuate from year to year, including pre-accident years in which profits were lower than in 2014.  Progressive also argues that Crockett has failed to rule out other potential factors affecting profits, including: (1) unspecified changes in bankruptcy law; (2) fluctuations in the economy; (3) changes in the

legal market; and (4) an approximately 11% drop in bankruptcy filings from 2013 to 2014, which corresponds with Crockett's claimed 11.761% decrease in profits over the same period of time.  (*See generally* Docs. 14, 23).

The foregoing arguments present questions of fact for the jury.  Progressive's contentions, including arguments regarding Crockett's method of calculating lost profits, may make for compelling trial testimony.  However, Crockett's reliance on past performance is permissible under Alabama law.  *See Fitzpatrick,* 177 So. 2d at 912.  "In fact, when 'the amount of damages cannot be estimated with certainty there is no objection to placing *before the jury* all the facts and circumstances of the case, *having any tendency* to show damages, or their probable amount.'" *Dupree v. Green*, 2014 WL 4388398, at *6 (quoting *Super Valu Stores, Inc.,* 506 So. 2d at 328 (alterations incorporated); *see id*. ("A jury question exists whether [Plaintiff's] lost profits can be calculated to a reasonable certainty based on his past success . . . .").

## IV.   CONCLUSION

For all of the foregoing reasons, viewing the facts in the light most favorable to Crockett, genuine issues of material fact preclude judgment as a matter of law in favor of Progressive.  Accordingly, Progressive's amended motion for partial summary judgment (Doc. 14) is **DENIED**.

A pre-trial conference will be set by separate order.

**DONE** this 31st day of March, 2017.

                                                  STACI G. CORNELIUS
                                                  U.S. MAGISTRATE JUDGE